H. K. PORTER COMPANY, INC., DISS-TON DIVISION–DANVILLE WORKS, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

United Steelworkers of America, AFL–CIO, Intervenor.

No. 22222.

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1969.

Decided April 22, 1969.

Certiorari Granted Oct. 13, 1969.

See 90 S.Ct. 79.

Mr. Donald C. Winson, Pittsburgh, Pa., of the bar of the Supreme Court of

Pennsylvania, pro hac vice, by special leave of court, with whom Mr. Paul R. Obert, Pittsburgh, Pa., was on the brief, for petitioner.

Mr. Elliott Moore, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel and Roger L. Sabo, Attorney, National Labor Relations Board, were on the brief, for respondent.

Mr. George H. Cohen, Washington, D. C., with whom Messrs. Elliott Bredhoff and Michael H. Gottesman, Washington, D. C., were on the brief, for intervenor.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT, Circuit Judge.

## ORDER

PER CURIAM.

This case came on to be heard on the record from the National Labor Relations Board and on a petition to review and set aside and a cross-petition to enforce an order of the National Labor Relations Board, and was argued by counsel.

This case has been before this court on two prior occasions. *See* United Steelworkers of America, AFL–CIO v. N. L. R. B., 124 U.S.App.D.C. 143, 363 F.2d 272, cert. denied H. K. Porter, Inc., etc. v. N. L. R. B., 385 U.S. 851, 87 S.Ct. 90, 17 L.Ed.2d 80 (1966); United Steelworkers of America, AFL–CIO v. N. L. R. B., 128 U.S.App.D.C. 344, 389 F.2d 295 (1967). For the reasons stated in those opinions, as well as in the Board's supplemental decision and order dated July 3, 1968, which is attached as an appendix to this order, it is

Ordered by the court that the petition for review of the supplemental decision and order of the Board dated July 3, 1968, be, and the same is hereby, denied, and the Board's order is hereby enforced.

Senior Circuit Judge WILBUR K. MILLER dissents.

APPENDIX

172 NLRB No. 72                                                    D-983
                                                                  Danville, Va.

## UNITED STATES OF AMERICA

### BEFORE THE NATIONAL LABOR RELATIONS BOARD

H. K. PORTER COMPANY, INC.,
DISSTON DIVISION-DANVILLE WORKS
          and                                          Case 5-CA-2785
UNITED STEELWORKERS OF AMERICA,
AFL-CIO

———◆———

SUPPLEMENTAL DECISION
AND ORDER

On July 9, 1965, the National Labor Relations Board issued its Decision and Order in this case[1] finding that the Respondent had violated Section 8(a)(5) of the National Labor Relations Act, as amended, by failing to bargain in good faith with the Union on the issue of a checkoff provision in the collective-bargaining agreement with the Union. The Board thereupon ordered the Respondent to bargain collectively. On May 19, 1966, the United States Court of Appeals for the District of Columbia enforced the Board's Order.[2] Pursuant to a motion by the Union, the court, on December 8, 1967, issued a decision clarifying its earlier decree and remanding the proceeding to the Board.[3]

The Board in the original decision herein concluded that the real and only reason for refusing the checkoff was to "frustrate agreement with the union" and ordered the Respondent to bargain with the Union. In enforcing that order the Court stated that it was "not necessary to include a specific reference to checkoff in the Board's order."[4] The Court also indicated that in any contempt proceeding instituted in the case it would be able to make a judgment based on the Respondent's performance at the bargaining table.

In subsequent contract negotiations the parties each urged divergent interpretations of the Court's decree. Briefly stated, the Union interpreted the decree as obligating the Company to agree to a contractual dues-checkoff provision, while the Company construed the decree as requiring it only to discuss the possibility of giving a checkoff or some form thereof and therefore its offer to give the Union space in the payroll office to collect its dues fulfilled its obligation. Thereafter, the Regional Director for Region 5 indicated to the Union that the Respondent had satisfactorily complied with the decree and the Board declined to institute contempt proceedings.

In its decision granting the Union's motion to reconsider an earlier denial of a motion to clarify its enforcement decree, the Court noted the parties' divergent interpretations of the Order, and the subsequent bargaining impasse which had arisen therefrom. It believed, there-

---

1.  153 NLRB 1370.

2.  United Steelworkers of America v. N.L.R.B.; H. K. Porter Co. v. N.L.R.B., 124 U.S.App.D.C. 143, 363 F.2d 272, cert. denied 385 U.S. 851, 87 S.Ct. 90, 17 L.Ed.2d 80.

3.  128 U.S.App.D.C. 344, 389 F.2d 295.

4.  124 U.S.App.D.C. at 147, 363 F.2d 272 at 276.

fore, that "some guidance from the court with respect to the circumstances under which checkoff may be imposed as a remedy for bad faith bargaining is in order." [5]

The Court noted that on two separate occasions the Respondent had been found to have violated Section 8(a) (5) by not making a good-faith effort to reach agreement with the Union.[6] The Court indicated that "the workers' rights to bargain collectively may be nullified" when a company repeatedly flouts its bargaining obligation, if the Board does no more "than repeatedly order the company to bargain in good faith." The Court thereupon held that in such circumstances the Board may order the company to make "meaningful and reasonable counteroffers, or indeed even to make a concession." Pointing out that the Respondent had conceded that it had no business reason for refusing to grant a checkoff, the Court stated that "it would have been perfectly proper for the Board to order the company to grant one in return for a reasonable concession by the union on one of the remaining issues." And "it is possible," added the Court, "that in an appropriate case the Board could simply order the company to grant a checkoff. * * *"

The Court recognized that the Act is grounded on the premise of freedom of contract. However, it also pointed out that Section 8(a) (5) intends to make meaningful the fundamental duty of the employer to bargain with the representative of the employees. When these two concepts are in conflict, the Court further stated, "the Board must seek to devise remedies which will best effectuate the one at least cost to the other."

As Respondent has repeatedly violated Section 8(a) (5) and admittedly had no business reason for opposing the checkoff, and as its only reason for such opposition was to frustrate agreement with the Union, we conclude, in accordance with the Court's rationale, that an order to grant checkoff is warranted in the circumstances of this case. To permit Respondent to hold out for some "reasonable concession" by the Union in return for the checkoff requirement would imply that the Respondent is now being ordered to surrender a position that it had legitimately maintained. Such an implication would be contrary to our finding, affirmed by the Court of Appeals, that Respondent's opposition to granting checkoff was based solely on a desire to thwart the consummation of a collective-bargaining agreement. Accordingly, we shall vacate our initial order in this case and shall direct that Respondent grant a checkoff provision to the Union.

---

5. 128 U.S.App.D.C. at 347, 389 F.2d 295 at 298.

6. The instant case and an earlier unreported Trial Examiner's Decision in Case 5–CA–2344.